**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

**UNITED STATES OF AMERICA**

v.                                                                                          **Criminal No. 5:11-0247-03**

**JAMES A. TRENT**

**MEMORANDUM OPINION AND ORDER**

The parties convened on Tuesday, March 19, 2013, for a hearing upon Defendant's Motion to Reinstate his Pretrial Release (Document No. 162.) with Assistant United States Attorney Thomas C. Ryan representing the United States and Criminal Justice Act Panel Attorney Richard M. Gunnoe representing Defendant who was present and in custody. The United States filed a Response to Defendant's Motion on March 18, 2013. (Document No.166.) Having considered Defendant's Motion, the United States' Response, the statements of counsel at the hearing and applicable law, the Court has concluded that Defendant's Motion to Reinstate his Pretrial Release must be denied.

**BACKGROUND**

The Indictment which initiated this matter was filed on October 25, 2011. (Document No. 1.) Ms. Jill Sells was named as the Defendant. A Superseding Indictment was filed on November, 29, 2011, naming The New West Virginia Mining Company, Inc., as an additional Defendant. (Document No. 25.) On November 30, 2011, a Post-Indictment Restraining Order was filed prohibiting everyone associated with The New West Virginia Mining Company from selling or transferring the company's business property. (Document No. 33.) Defendant was charged as an additional Defendant in seven Counts of a nine-Count Second Superseding Indictment filed on April 27, 2012, with conspiring with another Defendant to defraud the United States and structure currency transactions in violation of 18 U.S.C. § 371 (Count One) and employment tax evasion each quarter of 2008 and the first and second quarter of 2009 in violation of 26 U.S.C. § 7202 and 18

U.S.C. § 2 (Counts Two through Seven). (Document No. 73.) Defendant was placed on bond on that day. (Document Nos. 82 and 83.) Defendant was required, among other things, "to avoid all contact, directly or indirectly, with any person who is or may be a . . . witness in the investigation or prosecution" and "not use alcohol . . . excessively." (Document No. 83, ¶ 7(g) and (l).). Defendant was arraigned on May 1, 2012 (Document No. 90.), and on May 2, 2012, the Court, having information that Defendant drank alcohol excessively, entered an Order modifying Defendant's bond to require that Defendant refrain from any use of alcohol. (Document No. 91.)[1] On September 21, 2012, the United States filed a Motion for Arrest Order Pursuant to Rule 42 alleging that Defendant sold a roof bolter in violation of the Court's Post-Indictment Restraining Order. (Document No. 109.) The Court issued an Arrest Order on September 25, 2012. (Document No. 112.) On September 26, 2012, the United States filed a Motion for Detention Hearing charging that Defendant posed a serious risk of obstructing justice and a danger to the community and requesting that Defendant's bond be revoked and that Defendant be held in custody pending further proceedings in the District Court. (Document No. 116.) On September 28, 2012, the United States filed a Petition for Action on Conditions of Pretrial Release charging that Defendant violated the terms and conditions of his release on bond by contacting a cooperating witness in this matter to berate him for doing so and using alcohol when the Court required that he not do so. (Document No. 120.) On October 3, 2012, The Court held a hearing upon the United States' Motions for Detention Hearing and Petition for Action on Conditions of Pretrial Release. Defendant did not contest the charges contained in the Motions claiming, however, that he did not know of or fully understand the terms and conditions of bond and violated them as charged inadvertently and unintentionally. By Order filed on October

---

[1] 18 U.S.C. § 3142(c)(3) provides that "[t]he judicial officer may at any time amend the order to impose additional or different conditions of release."

4, 2012, the Court terminated Defendant's bond. (Document No. 131.)

## DEFENDANT'S MOTION AND THE UNITED STATES' RESPONSE

By his Motion to Reinstate his Pretrial Release (Document No. 162.), Defendant indicates (1) that he did not know that the Court had required that he refrain from using alcohol, (2) he did not know that the person he contacted was a witness and did not intend to threaten or intimidate him, and (3) he thought that the roof bolter which he sold belonged to another of his companies, not New West Virginia Mining, and therefore he believed that it was not subject to the Court's Order enjoin the transfer of New West Virginia Mining's properties. Defendant's attorney also indicates that it is difficult to coordinate meetings with his expert witness and transport the "voluminous materials" to the jail where Defendant is in custody. Thus, Defendant's attorney states that "it is very difficult, if not impossible, to fully prepare this matter for trial without the cooperation and availability of the defendant."

By its Response (Document No. 166.), the United States asserts that Defendant knowingly violated the Court's requirement imposed on May 2, 2012, that he consume no alcohol while on bond when a copy of the Court's Order imposing the requirement was mailed directly to Defendant and he was intoxicated having a blood alcohol content of .175 when he was arrested on September 26, 2012, pursuant to the Warrant for his arrest issued at the Court's direction on the basis of the United States' Rule 42 Request for an Arrest Order. Second, the United States asserts that on August 13, 2012, Defendant called a witness and berated him for cooperating in this matter when he knew from discussions in December, 2011, with the United States' attorney that the witness had entered a plea agreement and was a cooperating witness. Third, the United States asserts that Defendant sold the roof bolter through an intermediary in 2012 in violation of the Court's November 30, 2011, Post-Indictment Restraining Order after he stated in a recorded conversation

with the aforesaid witness in December, 2011, that he believed that all of the equipment at the shop where the roof bolter was located was covered by the Restraining Order. The United States further asserts that while he has been in custody, Defendant has approved of the intermediary's further sales of property subject to the Restraining Order.

## DISCUSSION

The Court terminated Defendant's pretrial release on bond in October, 2012, in view of the uncontested charges contained in the United States' Petition for Action on Conditions of Pretrial Release that Defendant contacted and berated a potential witness for cooperating in this matter and used alcohol when the Court required that he not do so. 18 U.S.C. § 3142(f) provides that a hearing to determine whether or not a defendant should be detained while awaiting trial "may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." By his Motion to Reinstate Pretrial Release and assertions at the March 19, 2013, hearing, Defendant has not presented material information not known to him at the October, 2012, hearing which resulted in the termination of his release on bond. Rather, Defendant has offered reasons why he committed the violations of the terms and conditions of his release on bond and promised to abide by those terms and conditions upon his further release on bond. For each reason which Defendant has offered, the United States has evidence which substantially undermines it. These are not the sort of circumstances which Section 3142(f) contemplates as a basis for reconsidering whether or not Defendant should again be released on bond. The Court was nevertheless concerned that Defendant's detention impacted his ability to participate and assist in preparation for trial

considering the volume of evidence in this matter and his employment of an expert witness. The Court concluded that, though Defendant's detention makes it inconvenient for his attorney and expert witness to meet with him, these circumstances exist to some extent in every criminal matter in which the defendant is detained, can be accommodated and should not override the process and factors set forth in Section 3142 for determining whether or not Defendant should be detained. Finally, having considered evidence pertaining to the charges that Defendant violated the terms and conditions of his release on bond, the Court finds that he knowingly did so by consuming an excessive amount of alcohol and by contacting a witness in this matter to berate him for cooperating, an obstructive act. Defendant's sale of the roof bolter knowing that it was subject to the Post-Indictment Restraining Order is a further obstructive act. Indeed, violating the terms and conditions of release on bond may be viewed as obstructive. See United States v. Bowers, 61 Fed.Appx. 32 at *34, 2003 WL 1229667 (C.A.4 (W.Va.)), citing United States v. Witherell, 186 F.3d 1343, 1345 (11th Cir. 1999). The Court concludes therefore that there is no condition or combination of conditions that would reasonably assure that Defendant would not consume alcohol to excess and potentially endanger the community and commit further acts to obstruct justice. For all of these reasons, it is hereby **ORDERED** that Defendant's Motion to Reinstate his Pretrial Release (Document No. 162.) is **DENIED**.

    The Clerk is directed to transmit a copy of this Memorandum Opinion and Order to counsel of record.

    ENTER: March 25, 2013.

R. Clarke VanDervort
United States Magistrate Judge